IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SANDRINE NYARUSALEMU,<br>*Plaintiff,*<br>vs.<br>GOODHEART SPECIALTY BRAND FOODS,<br>*Defendant.* | §§§§§§§§§§ | SA-26-CV-04480-JKP-KGS |

**ORDER**

Before the Court in the above-styled cause of action is Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs. ECF No. 1. This case was automatically referred to the undersigned upon filing for an order on Plaintiff's application to proceed IFP and a review of the pleadings pursuant to 28 U.S.C. § 1915(e).[1] The undersigned therefore has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1). Having considered the application and affidavit provided by Plaintiff, the Court will order Plaintiff to supplement her IFP motion regarding her income and expenses. The Court will also order Plaintiff to file a More Definite Statement to assist the Court in understanding the claims and causes of action at issue before ordering service of Plaintiff's Complaint on Defendant.

[1] The division-wide standing order is available on the Western District of Texas website, at https://perma.cc/RCD4-NSNV.

## I. Application to Proceed IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as an administrative fee.[2] *See* 28 U.S.C. § 1914(a). Courts must examine the financial condition of the applicant to determine whether the payment of fees would cause an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988).

Plaintiff's IFP application provides that she has $6,800 in her checking or savings account and that she makes $14/hour. Plaintiff also asserts that she does not own any valuable property, support any dependents, or owe any debts. Plaintiff does not provide the Court with information regarding her present employment, take-home pay, or the amount of her monthly expenses. Based on this information, Plaintiff has not demonstrated an inability to pay the filing fee in this case due to poverty.

The Court will therefore order Plaintiff to supplement her IFP motion regarding her income and expenses. The supplemental form must provide more detail regarding Plaintiff's circumstances, specifically the following:

- If Plaintiff is employed, the employer's name and address;

[2] The administrative fee, which is currently $55, is waived for plaintiffs who are granted IFP status. *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

- Plaintiff's monthly take-home pay;
- The amount of Plaintiff's monthly expenses.

If Plaintiff fails to provide the Court with the requested supplementation, her motion to proceed IFP will be denied and she will be required to pay the filing fee to proceed with this case.

## II. More Definite Statement

Pursuant to the Court's October 8, 2019, Standing Order, the undersigned has reviewed Plaintiff's Proposed Complaint (ECF No. 1-1) under the standards set forth in 28 U.S.C. § 1915(e). Under 28 U.S.C. § 1915(e), this Court may screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). The Court has reviewed Plaintiff's proposed Complaint and will order a More Definite Statement to assist the Court in evaluating whether Plaintiff has stated a plausible claim for relief before ordering service of her Complaint on Defendant.

In her *pro se* complaint, Plaintiff purports to present a cause of action under Title VII of the Civil Rights Act of 1964. ECF No. 1–1. Plaintiff brings this claim against her former employer, Goodheart Specialty Brand Foods. *Id.*

Plaintiff also attaches a Right to Sue Letter from the Equal Employment Opportunity Commission (EEOC) to her complaint, indicating that she timely filed discrimination charges with the EEOC.

In order for the Court to determine whether Plaintiff has alleged a plausible claim under Title VII, Plaintiff must provide more detailed facts clarifying the allegations underlying this lawsuit. Accordingly, in addition to ordering Plaintiff to supplement her IFP application with more detailed financial information, the Court will also order Plaintiff to file a More Definite Statement of the claims she is seeking to bring through this suit.

## III. Conclusion

The Court therefore **ORDERS** that Plaintiff file the supplement to her IFP application described above, sworn as true and correct under penalty of perjury, on or before **August 28, 2026**. If Plaintiff does not wish to provide the requested supplementation, she may pay the filing fee to proceed with this case without further review by the Court.

The Court **FURTHER ORDERS** that on or before **August 28, 2026**, Plaintiff shall file a **More Definite Statement** of the claims she seeks to present to this Court. Plaintiff is reminded to keep her statement **"short and plain,"** detailing only the facts relevant to his claims. *See* Fed. R. Civ. P. 8(a)(2).

In this More Definite Statement, Plaintiff should respond to the following questions:

- You assert you were subjected to employment discrimination. How were you subjected to employment discrimination? Are you a member of a protected group? What was the discrimination or harassment based on?

- Did you suffer some adverse employment action or harassment because of your membership in a protected group? Who discriminated against you or harrassed you? When did these events occur?

- How did the alleged harassment or negative treatment affect a term, condition, or privilege of your employment? Did your employer know, or should they have known, of the harassment or negative treatment you were subjected to? Did your employer take any remedial action?

Plaintiff shall include the following declaration at the end of her more definite statement:

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed on this ____ day of _____2026.

_____________________
Signature of Plaintiff

If Plaintiff fails to comply with this Order, the Court could dismiss this case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). If Plaintiff does not wish to file a more definite statement, she may request voluntary dismissal of these claims pursuant to Federal Rule of Civil Procedure 41(a).

SIGNED this 30th day of July, 2026.

**KELLY G. STEPHENSON**
**UNITED STATES MAGISTRATE JUDGE**